## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**SAMUEL LOPESIERRA-GUTIERREZ,**

**Petitioner,**

**vs.**                                                    **Case No. 5:12-CV-372-OC-27-PRL**

**WILLIAM BECHTOLD, WARDEN,**

**Respondent.**

_____

## OPINION AND ORDER

Samuel Lopesierra-Gutierrez petitions for the writ of habeas corpus under 28 U.S.C. Section 2241 (Dkt. 1) . Petitioner cites an incident report issued by Bureau of Prisons (BOP) officials at FCC-Coleman for not producing urine for a drug test and asserts entitlement to expungement of the disciplinary conviction and restoration of good time credit. Petitioner's disciplinary record is attached to the response (Dkt. 7, 7-1) opposing the petition. Respondent argues that Petitioner's due process rights were not violated during the disciplinary process. Petitioner replies (Dkt. 8) to the response.

Because prison discipline is not a criminal prosecution, a defendant is not entitled to an array of rights due to a criminal defendant. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)("[T]here must be mutual accommodation between institutional needs and objections and provisions of the Constitution[.]"). However, an inmate is entitled to due process, for example, notice and an opportunity for a hearing before losing good credit time. As stated in *Superintendent v. Hill*:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . ." *United States ex rel. Vajtauer v.*

*Commissioner of Immigration*, 273 U.S., at 106. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

472 U.S. 445, 455-56 (1985).

On June 21, 2011, BOP staff ordered Petitioner to submit a urine sample for drug testing. Response at 2 (citing Exh. 2 at ¶11). BOP staff provided Petitioner with two glasses of water and informed him that he had two hours to submit the urine sample. Exh. 2 at ¶11; Exh. 5 at 15. Petitioner failed to provide a urine sample. Response at 2; Exh. 2 at ¶11. The officer served Petitioner with incident report number 2177031 for violating Disciplinary Code 110, Refusing to Provide a Urine Sample. See generally Exh. 2.

A BOP Lieutenant was assigned to investigate the charges and interviewed Petitioner. Exh. 2 at ¶¶19-25. The Lieutenant advised Petitioner of his rights. Exh. 2 at ¶¶23-24. The Petitioner did not make a statement. Exh. 2 at ¶24. Petitioner was provided with a copy of the incident report on June 21, 2011. Exh. 2 at ¶21. The incident report was referred to the Unit Discipline Committee ("UDC"), who held a hearing on June 22, 2011. Exh. 3. At the hearing, Petitioner stated "I did provide urine, but not enough. I have medical issues, please check my medical file." The UDC determined that the matter needed to be referred to the Disciple Hearing Officer ("DHO") due to the seriousness of the charge. Exh. 2 ¶¶17-21.

Petitioner was notified that there would be a disciplinary hearing, and was again advised of his rights during the disciplinary process. Exh. 3, Notice of Discipline Hearing Before the DHO; Exh. 4, Inmate Rights at Discipline Hearing. Petitioner did not request to have witnesses present to testify on his behalf, or a staff representative assigned to assist him. Exh. 3; Exh. 5, DHO report no.

1711676. The DHO hearing commenced on June 28, 2011. Exh. 5. Petitioner denied the charges against him, asserting that he did not provide enough urine for specimen due to his medical conditions, to wit a urinary tract infection and inflammation of the bladder. Id. at ¶J. He also asserted that at the time he was called to provide the sample, he was already on the toilet, making it difficult for him to provide "additional urine." Id. Petitioner did not provide any evidence of his medical conditions, or that his medical conditions precluded him from providing urine. See generally Id. Nor did Petitioner request that any witness from Health Services provide testimony. Id.

The DHO considered all of the evidence, including the statement from the BOP official that Petitioner refused to provide a urine sample, and medical documentation that revealed Petitioner had no medical conditions that would preclude him from producing a urine sample, to determine that the greater weight of the evidence supported that Petitioner had committed a violation of Disciplinary Code 110. Id. at ¶ V. The DHO sanctioned Petitioner with a loss of: 40 days good conduct time, 30 days disciplinary segregation, and visiting and commissary privileges for 180 days. Id. at ¶ VI.

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." 472 U.S. at 457. Petitioner's disciplinary conviction was supported by "some evidence."

An incident report issued describing Petitioner's violation of Disciplinary Code 110. Petitioner maintained that a urinary tract inflection prevented him from producing urine during the two-hour time period, but never produced any evidence of any medical conditions. To the contrary, the DHO considered evidence from the medical department showing that Petitioner was treated for

3

a urinary tract inflection more than a month <u>before</u> the incident report.  Further, the medical department concluded that a urinary tract infection would not prevent Petitioner from producing a urine sample.  For the first time in Petitioner's reply, he purports to have other medical conditions (to wit "benign hypertrophy of prostate" and another urinary tract infection).[1]  Reply at 21. Significantly, Petitioner's medical records describing such are dated more than a month <u>after</u> the disciplinary hearing concluded.  The record establishes that Petitioner received a fair hearing with appropriate procedural protections.  Evidence presented at the hearing was sufficient to meet either the "some evidence" standard or the "greater weight of the evidence" standard of review. Accordingly, the petition (Dkt. 1) is **DENIED**.  The Clerk is directed to enter judgment against Petitioner, to terminate any pending motions, and to close this case.

**DENIAL OF BOTH**
**A CERTIFICATE OF APPEALABILITY**
**AND LEAVE TO APPEAL IN FORMA PAUPERIS**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability on either petition.  A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 184 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a

---

[1]Petitioner visited the medical department on July 29, 2011, and self-reported symptoms of another urinary tract infection.  The results of the uranalysis were "negative."  <u>See</u> Reply at 21.  Petitioner was apparently diagnosed with "benign hypertrophy of prostate," stemming from that July 29, 2011 medical visit.  <u>Id.</u> at 22.  Nevertheless, there is no evidence that this medical condition that Petitioner was diagnosed with more than a month <u>after</u> the disciplinary hearing concluded would preclude Petitioner from urinating in a two hour time period, after drinking two glasses of water, in order to comply with the BOP's drug screening.  Nor is there any allegation or claim that he has not complied with the BOP's drug screening procedures since his diagnosis.

4

constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.  Petitioner must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE AND ORDERED** this ___19th___ day of August, 2015.


**JAMES D. WHITTEMORE**
**United States District Judge**


Copies: Counsel and parties of record

5